CASE 51—ACTION BY SUSAN E. SUTTON, &C., AGAINST NANNIE R. GIB-
SON AND OTHERS TO CANCEL A DEED.—JAN. 10.

# Sutton, &c, v. Gibson, &c.

APPEAL FROM HENDERSON CIRCUIT COURT—J. W. HENSON, CIRCUIT
JUDGE.

JUDGMENT FOR DEFENDANTS. PLAINTIFFS' APPEAL. REVERSED.

DEEDS—DELIVERY—EQUITABLE LIEN.

1. Where the grantor sealed a deed in an envelope, and gave
it to one of the grantees, with the request that she keep it for
him until he called for it, and neither of the grantees knew the
contents of the envelope until after the grantor's death, there
was no delivery of the deed.
2. Where a grantor undertook to convey an interest in land in
payment of a just debt due to the grantee, but the deed was inop-
erative for failure of delivery in the lifetime of the grantor, a
court of equity will, under proper pleading, declare a lien on
the land for the amount of the debt.

YEAMAN & YEAMAN, ATTORNEYS FOR APPELLANTS.

1. It will be sufficient for the purpose of this appeal to con-
sider the one question as to whether the deed was ever delivered
to, or accepted by, any of the grantees.
2. Our contention is that the deed was never delivered. The
proof shows that the grantor, Gibson, put the paper in an en-
velope, sealed it up, gave it to the witness without telling her
what it was, and told her to keep it until he called for it. She
did not know it was a deed. She did not know what it was.
There was no moment of time until he breathed his last when he
might not, with perfect propriety, have called for the envelope
and destroyed it and its contents without violating the rights,
legally or morally, of any human being, "and after his decease
no one can have the power of delivering it." "In voluntary
conveyances the intention to part with the deed is not presumed,
and its delivery must be proved strictly." Bouvier's Law Dic-
tionary, title "Delivery;" Am. & Eng. Ency. of Law (2d ed.),
vol. 9, title "Deeds," p. 153; Cook v. Brown, 34 N. H., 460; Pruts-

man v. Baker, 30 Wis., 644; 11 Am. Rep., 593; Baker v. Has-
kell (New Hampshire), 93, Am. Dec., 456; Mudd v. Dillon (Mo.),
65 S. W., 975; Hudson v. Redford, 23 Ky. Law Rep., 2347, 67 S.
W., 35; Shoptaw v. Ridgeway's Admr., 22 Rep., 1495, 60 S. W.,
723; Boswell v. Boswell, 20 Rep., 118, 45 S. W., 454; Bunnell v.
Bunnell, 23 Ky. Law Rep., 800, 64 S. W., 421; Alexander v. De-
Kermel, 81 Ky., 356; Maynard v. Maynard, 10 Mass., 456; Collier
v. Hyden, 94 Ky., 180, 15 Ky. Law Rep., 101, 21 S. W., 868; Thomp-
son v. Jackson, 10 Bush, 424; Bell v. Farmers' Bank, 11 Bush,
37; Com. v. Jackson, 10 Bush, 427; Lay v. Lay, 23 Ky. Law
Rep., 1817, 66 S. W., 371; Ewing v. Stanley, 24 Ky. Law Rep.,
633, 69 S. W., 725.

MONTGOMERY MERRITT, LOCKETT & LOCKETT and F. J.
PENTECOST, ATTORNEYS FOR APPELLEES.

### POINTS AND AUTHORITIES.

1. Delivery may be by words without acts or acts without
words, or both combined. Hughes v. Eastin, 4 J. J. M., 573; Ward
v. Small, 90 Ky., 201.

2. Equity will imply acceptance for an infant. One if not
two, of the grantees were infants. 90 Ky., 299.

3. Where grantor has deed prepared and leaves it with drafts-
man, the grantee may accept it and make it effective, even after
grantor's death. Colyer v. Hyden, 94 Ky., 180. A deed held not
to have been delivered in that case had never been delivered to
a grantee nor any one for a grantee.

4. Possession by the grantee of a deed is *prima facie* evidence
of delivery at the time of its date. The proof in this case does
not overcome that presumption. Shoptaw v. Ridgeway's Admx.,
60 S. W., 723.

5. A delivery to be effective upon a condition must be to a
third person. Delivery to a grantee is absolute, whatever words
may be used in making it. Dyer v. Skadon, 128 Mich., 348; Am.
State Rep., vol. 92, p. 461, and authorities cited therein.

6. The proof shows the deed was delivered to one grantee, and
grantor notified the others that it was held for them.

OPINION OF THE COURT BY JUDGE O'REAR—REVERSING.

Nathan A. Gibson was four times married. The last mar-
riage was a few months before his death, and after he was
seventy years old. He had but one child, appellant Susan
E. Sutton, who was issue of his second marriage. The sec-

ond wife had been a widow, and had other children, Mary E. Sutton being one of them. Shortly before his last marriage Nathan A. Gibson signed a deed conveying to Nannie H. Buller (whom he was then about to marry, and did marry within a few days) a house and lot in Corydon, and one-half of a tract of ninety acres of land in Henderson county, to her in remainder after his death, and so long as she might remain his widow. The other half of the ninety acres was by the same deed conveyed to Mary E. Sutton, his stepdaughter, and to her two children, Oscar Sutton and Eliza Jane Buchanan; the grantor reserving a life estate in all the property. At the time he executed the deed by signing it the grantor did not deliver it, nor did he apprise the grantees of the fact of its execution. After his marriage with Mrs. Buller he gave her a sealed envelope containing this deed, with the request to hold it for him till he called for it. He did not then tell her, nor indicate to her, what the package contained; nor did she know what it contained till after his death. The deed appears to have been acknowledged by the grantor before a deputy county court clerk May 13, 1903. During Nathan A. Gibson's last illness his wife was requested to produce the package, which she did, and sent it into the room where her husband and his physician were. After an hour or so it was returned to her without comment, and she put it away without knowledge of its contents. Gibson died shortly thereafter. A paper purporting to be his last will was produced for probate, evidently prepared when the deed was called for. But on a trial of the will this paper was rejected. This suit was brought by appellant, the only child and heir at law of Nathan A. Gibson, against his widow and the other grantees named in the deed, to set it aside on the ground of undue influence exerted on the grantor in its execution, as well as upon the ground that it was never de-

livered by the grantor nor accepted by the grantees, or any of them, nor by any one for them. The circuit court adjudged that the deed was invalid as to the grantee Nannie R. Gibson, the widow, because she had elected not to take under it, or, as the court said, had renounced it. The judgment further was that the deed was effective as to the other grantees, and the petition of appellants was dismissed.

A deed conveying the title to real estate, to be effective, must be fully executed between the parties; that is, it must be signed and delivered by the grantor and accepted by the grantee. Any of these elements lacking, the deed is not a complete instrument. While it is true that a delivery may be by word or act, or both, by which a grantor expresses a present intention to divest himself of title to property in an appropriate deed, yet his conduct must be such as to indicate the intention to divest himself of the title and all further control over the document purporting to convey it. Hudson v. Redford, 67 S. W., 35, 23 Ky. Law Rep., 2347. It is likewise true that the grantee must generally evince a purpose to accept the conveyance, as it is not competent for the grantor by his act alone to impose a title or the conditions of a conveyance upon an unwilling grantee. An exception to this rule is where the grantee is an infant, or under disability, and the conveyance is beneficial to the grantee. No such conditions exist in the case at bar. The State of the record before us discloses that the grantor, instead of intending to divest himself of control or dominion over the deed, expressly reserved such by committing the document, in a sealed envelope, to the care of his wife, with the request that she keep it for him until he called for it. The case is materially different upon its fact and principle from Shoptaw v. Ridgeway, 60 S. W., 723, 22 Ky. Law Rep., 1495, and Bun-

nell v. Bunnell, 64 S. W., 420, 23 Ky. Law Rep., 800. Mrs.
Büller, as one of the grantees, and the one to whom the deed
was delivered to hold, was not aware, as stated, of its con-
tents, nor of the fact that it was a deed. Her subsequent
refusal to accept it, when made acquainted with its nature,
is in itself a declination to become a party to it in any sense.
As she did not accept it for herself, and it
is not claimed that she was either author-
ized to or attempted to accept it on behalf of the other
grantees named, at best it was an unexecuted purpose of
the grantor to convey the title to his property.

There is another feature of the case, however, which we
think should be a condition to the granting of relief in equity
to appellants. It is shown in the record that the grantor's
stepdaughter, Mary E. Sutton, had lived in his family a
number of years, and had, even after she left his family, been
a faithful and dutiful attendant upon him in his illness and
after the death of his wife. And, further, he had received
considerable estate from her mother, and frequently acknowl-
edged that he was indebted to appellee Mary E. Sutton, on
that account, and had agreed with his deceased wife, her
mother, that he would make provision for Mary E. Sutton
out of his estate. Some years prior to the transaction now
in suit he had conveyed to Mary E. Sutton a house and lot
in Corydon, the value of which is not shown in the record.
She was unable to have the deed recorded at the time, and
later he induced her to redeliver to him the deed, with the
understanding that he would convey, or have conveyed, to
her other property which he was to get in exchange for that
lot. She did redeliver to him the deed, which he destroyed.
He subsequently sold and conveyed that property.
But he did not convey her any other property.
It was to carry out this agreement, as well as the one with

her mother that has been mentioned, that the grantor was attempting undoubtedly by the deed now in suit. When he delivered to her the deed to the house and lot in Corydon, his title to it passed to her, and became vested in her by its acceptance. It may be seriously questioned whether a redelivery of the deed by her to him operated of itself to divest her of her title. The conveyance of this lot, however, to an innocent purchaser would preclude its recovery by her now. It is equitable that he should comply with his agreement with her. While it is not in such form that the court could specifically enforce its execution, yet, as between her and his heir at law, the court may and will require, as a condition precedent to equitable relief in this action, that she be reimbursed the value of that house and lot. The lot taken back by Nathan A. Gibson was exchanged in part for the land undertaken to be conveyed to Mary E. Sutton by the deed in question. Upon a return of the case the chancellor ought to direct further pleadings so as to show the value of the house and lot at the time the deed therefor was redelivered to Nathan A. Gibson, and then adjudge to Mary E. Sutton a lien upon the half interest in the ninety acres of land now in suit, to reimburse her for that value.

The judgment as to Nannie R. Gibson is affirmed. As to the other appellees it is reversed, and the cause is remanded for further proceedings consistent herewith.