In the Matter of the Receivership of the NEW GLENWOOD CANNING COMPANY. FIRST NATIONAL BANK OF OMAHA, Appellee, v. F. J. DAY, Receiver, and others, Appellants.

**Equitable liens.** An instrument describing property which the owner
1  agrees to hold and deliver on demand as security for a debt, to become void when it has served its purpose, creates a lien which is valid between the parties, although there may be formal defects in the manner of its creation.

**Same:** CORPORATIONS: RECEIVERS: ENFORCEMENT OF LIEN. An equitable
2  lien upon corporate property is not affected by the fact that subsequently the corporation passed into the hands of a receiver, but the same may be enforced against the property in his hands.

*Appeal from Mills District Court.*—HON. W. R. GREEN, Judge.

WEDNESDAY, APRIL 5, 1911.

PROCEEDING to establish and enforce a lien upon certain personal property owned by an insolvent corporation. Relief granted as prayed, and the receiver appeals.— *Affirmed.*

*C. E. Dean* and *John Y. Stone,* for First National Bank of Omaha.

*W. E. Mitchell,* for F. G. Day, receiver.

*W. S. Lewis,* for interveners.

WEAVER, J.—I. On February 10, 1908, the New Glenwood Canning Company, a corporation doing business in Iowa, borrowed $2,000 from the First National Bank of Omaha, Neb., and evidenced the debt so contracted by a promissory note. At the same time and as security for the payment of said note, the canning company executed and delivered to said bank an instrument in the form of a warehouse receipt under the laws of Nebraska, acknowledging that it held subject to the order of the bank a large quantity of tin cans and tin plate. On August 10, 1908, the promissory note given as above noted not being paid, it was renewed by another of like amount payable six months after date. Thereafter, said note being still unpaid, the canning company on March 17, 1909, made to the bank another paper entitled as a warehouse receipt for a large quantity of tin cans described as being stored in the canning company's building at Glenwood. This paper makes no reference to the laws of Nebraska, and contains a provision for its surrender upon the payment of the debt. It is also claimed by the bank that at the time of the renewal of said note, and in consideration thereof, the canning company by its general manager verbally agreed that the bank should have a lien on all the cans described in said receipts for the payment of said indebtedness. Later an action was begun by a stockholder of the canning company alleging grounds for the appointment of a receiver for the adjustment and settlement of the corporate business. Upon this petition, F. J. Day was appointed and qualified as receiver, and took possession of the property and business. Thereafter the bank appeared in said receivership proceedings by intervention, alleging the facts hereinbefore recited, asked to have its lien established as against said property, and that the same be first applied to the payment of its said

debt. By agreement, the property has been sold pending the proceeding, and the money realized therefrom is held subject to the decision of the court as to the conflicting rights and equities of the several parties. Other interventions have been made by creditors of the canning company, but special consideration of these claims is not necessary to the disposition of this appeal. It should be said, however, that these interveners became creditors of the canning company after the debt to the bank was contracted, and without notice or knowledge of the alleged lien. The bank's claim is resisted by the receiver on the ground that the warehouse receipts are without legal force or validity, and that no sufficient showing has been made for the establishment of a merely verbal or equitable lien. Other defenses were pleaded, but the above are the only contentions made in this court. The trial court found for the bank that it had an equitable lien on the proceeds of the sale of the cans and directed their application to the payment of its claim.

Appellant's argument is quite largely directed to the invalidity of the so-called warehouse receipts. It may be conceded, we think, that these instruments are not in any just or proper sense of the term warehouse receipts. The canning company was not a warehouseman. The goods in question were evidently not held by it in any such capacity. There was no attempt to observe the statuory regulations or conditions upon which such business and the issuance of such papers are authorized. See Code, sections 3122-3126, inclusive, and the amendments thereto compiled in the Code Supplement. But this conclusion does not dispose of the bank's claim of lien, nor does it follow that the void character of these instruments as warehouse receipts renders them of no value as evidence of a lien valid as between the parties thereto. It is entirely clear from these receipts, especially the one last given, that it was intended by both parties to thereby give or as-

sure to the bank a lien upon the cans therein described. That paper is in the following words:

Warehouse Receipt. Know All Men by These Presents, That the undersigned, The New Glenwood Canning Company, of Glenwood, Iowa, the owner of the goods and merchandise described as follows, to wit: 102,984 No. 2 empty tin cans, 29,080 No. 3 empty tin cans, now stored in its evaporating warehouse at Glenwood, Iowa, will upon presentation of this receipt deliver the aforesaid goods and merchandise to the First National Bank of Omaha, Nebr., in default of the payment of its note for $2,000, to said First National Bank of Omaha, Nebr., dated August 10, 1908, and due February 10, 1909, to secure the payment of which this receipt is given. This is the first and only receipt issued against the goods and merchandise above described, except a receipt delivered to said bank on the 10th day of February, 1908. No charge for storage. Upon payment by the said New Glenwood Canning Company of its note above described, the said First National Bank of Omaha, Nebr., by its acceptance hereof agrees to surrender this receipt to the undersigned. This receipt is given in further fulfillment of the signer's agreement to give the same, made at the time of, and in consideration of, the loan to the undersigned of the money which said note evidences, to wit, on the 10th day of February, 1908. Issued this 17th day of March, 1909. New Glenwood Canning Company. By S. I. Sawyer, Sec. & Treas.

If we should erase the heading or title, "Warehouse Receipt" from this instrument, it would quite readily pass muster as a somewhat awkwardly expressed, but legally **1. EQUITABLE LIENS.** effective, chattel mortgage or pledge, which no court would refuse to enforce against the maker and against all others except subsequent purchasers without notice. It points out and describes the property which the owner agrees to hold and deliver upon demand as security for a definitely described debt, and the instrument is to become void when it has served its intended purpose. If it had been acknowledged and placed of rec-

ord it might have been of no value as a statutory warehouse receipt, but can there be any reasonable doubt but that it would have created a valid and legally effected lien? We see no reason to question it. The name or title given a paper is not of decisive significance, nor is the form of words employed material if the intent to give or create a lien is reasonably clear. That intent being shown and the nonpayment of the debt intended to be secured thereby being proved or admitted, it is an elementary proposition of equity that as between the parties to such transaction the lien will be recognized and inforced notwithstanding merely formal defects in the manner of its creation. *Sutton v. Gibson,* 119 Ky. 422 (84 S. W. 335); 3 Pomeroy's Equity Jurisprudence (3d Ed.) 1235.

II. Had the receivership proceedings herein never been instituted and the canning company were still an independent going concern, there could in our judgment be no doubt whatever of the right of the bank to maintain action against it for enforcement of the lien provided for in the instrument above quoted; and this, not because the canning company was a warehouseman or could issue a valid statutory warehouse receipt, but because it had the right and power to pledge its own property or create a lien thereon to secure the payment of its own debt. The fact that the company has gone into the hands of a receiver does not alter the situation. The receiver is not a subsequent purchaser who may avoid the lien for want of actual or constructive notice, nor do the intervening creditors occupy such relation. *Atlantic Trust Co. v. Coal Co.,* 99 Iowa, 234; *Seeley v. Seeley Co.,* 130 Iowa, 626; *Roberts v. Corbin,* 26 Iowa, 316; *Warner v. Jamison,* 52 Iowa, 72; *Kimball v. Gifford,* 78 Iowa, 65; *Snow v. Winslow,* 54 Iowa, 203; *Commonwealth v. Overholt,* 23 Pa. Super. Ct. 199; *Shinkle v. Knoll,* 99 Ill. App. 274; *Insurance Co. v. Manistee,* 77 Mich. 76 (43 N. W. 907);

2. SAME:
corporations:
receivers:
enforcement
of lien.

*Nealis v. Insley,* 33 Misc. Rep. 742 (67 N. Y. Supp. 235); *Auten v. Railroad Co.* (C. C.) 104 Fed. 395; *American T. & S. Bank v. McGettigan,* 152 Ind. 582 (52 N. W. 793, 71 Am. St. Rep. 345).

The rules to which we have referred are too well established to admit of serious question, and, the decree of the lower court being in accordance therewith, it is therefore *affirmed.*