## Jenkins, et al. v. Dawes, et al.

(Decided January 24, 1919.)

### Appeal from Garrard Circuit Court.

1. Appeal and Error—Finding of Chancellor.—The views of the chancellor will not be disturbed upon appeal where the evidence is con-

flicting and the court is not convinced that the chancellor erred to the prejudice of the substantial rights of appellant.

2. Deeds—Performance of Contract to Convey.—The execution of a deed by grantor to a third party, at the instance and request of grantor, will be considered the performance of the contract or agreement of grantor to convey.

3. Deeds—Tender.—A tender or execution of a deed is proper when made to the person directed by the purchaser to receive it.

4. Specific Performance—When Will Not Be Decreed.—Where the performance of a contract is in fact impossible and its decree of specific performance cannot be enforced the court will deny the remedy. In this case grantor had only a defeasible fee and the specific performance of a contract to convey a fee simple title cannot be decreed.

L. L. WALKER and WILLIAM HERNDON for appellants.

P. M. McROBERTS and J. E. ROBINSON for appellees.

OPINION OF THE COURT BY JUDGE QUIN—Affirming.

Appellants are seeking specific performance of a contract dated February 20, 1906, wherein appellees, who are husband and wife, covenanted to convey to C. M. Jenkins, ancestor of the appellants (hereinafter referred to as decedent), in fee simple, a tract of 157.77 acres in Garrard county, known as the "Burnt Tavern Place."

By a subsequent agreement the price to be paid by decedent for said land was increased $1,400.00. In March, 1910, decedent contracted to sell said land to Hamilton & Elliott. On June 14, 1911, decedent and appellees executed a deed to Hamilton & Elliott conveying the fee simple title to the above farm, but the grantees in this deed refused the tender thereof, brought suit against decedent, and recovered a judgment for $1,400.00 damages because of his inability and failure to convey a fee simple title.

The parties to this appeal have been involved in a number of law suits, two of which have come to this court.

In our opinion the judgment of the chancellor should be upheld. The appellee, Mrs. Dawes, was the daughter of David F. Smith, who died in 1881; through deed and will she received the farm above referred to and in a suit to settle the estate of her father it was adjudged she had a defeasible fee in said farm. Decedent was the executor of the will of David F. Smith and brought the above suit to settle his estate.

In 1902, an agreed case was filed in which the decedent and the present appellees were parties, and in the judg-

ment in this case it was decreed that Mrs. Dawes had a fee simple title to the farm.

In 1913 D. V. Jenkins, executor of the will of C. M. Jenkins, brought suit to settle his decedent's estate, in which suit it was alleged that decedent was the owner of two tracts of land in Garrard county, one 32 acres and the other 77 acres, but no reference was made to the 158 acre farm. Mrs. Dawes filed her claim in this case for balance due her as rent for use of said farm for the years 1911 and 1912, and this claim was verified by the executor of C. M. Jenkins' will, and one of the appellants to this appeal, by the use of the following language: "Affiant, D. V. Jenkins, states that he believes the foregoing claim to be just and correct. He states that his reason for believing the claim to be just and correct is he knows that decedent rented and used the land as shown by the above affidavit."

Mrs. Dawes, at the solicitation and request of the appellants, D. V. Jenkins and C. T. Jenkins, became the purchaser of the two tracts of land sold and there is evidence to the effect that in their conversation with appellees they conceded the ownership of Mrs. Dawes in the 158 acre tract. This was in 1913. Mrs. Dawes testified that she would not have purchased either of these smaller tracts had there been any question about her title to the larger one, or had she known appellants were claiming any interest in same.

In the latter part of 1913, appellants brought suit for something over twelve thousand dollars damages against the appellees because of their inability and failure to convey a fee simple title to Hamilton & Elliott, and in this suit the appellees filed a very voluminous answer setting up the history of the farm and the several law suits pertaining thereto, and among others the agreed case in which it was adjudged that the appellees had the fee simple title to the farm. A demurrer to this answer was filed and overruled, and later the case was dismissed without prejudice.

In 1914, the appellant, D. V. Jenkins entered into an agreement with appellee, B. A. Dawes, by the terms of which the former agreed to cultivate the land of Mrs. Dawes on shares for the year 1914. This included the 158 acre farm. In October, 1914, a tender of $8,326.50 was made by certain of the appellants to appellees, and at the same time they demanded that appellees execute a deed to

the farm.    Failing to receive a deed, this suit was filed November 2, 1914.

Appellants contend that certain payments made by decedent were for interest on the note referred to in the contract of 1906; appellees claim the payments were for rent.

There is proof supporting both contentions, but the weight of the evidence, in our opinion, indicates these payments were for rent.    Appellees in their testimony on one or two occasions refer to the payments as being on account of rent, later correcting these statements, saying they were for interest.    D. V. Jenkins, in his re-cross-examination, was asked the following question and made the answer indicated.    "Q. What do you call it?    A. I paid it as rent or interest either."    It is well settled in this state that this court will not disturb the findings of a chancellor where the evidence is conflicting and the court is not convinced that the chancellor has erred to the prejudice of the substantial rights of the appellant. Manchester National Bank v. Gerndon, 181 Ky. 117; Herzog, et al v. Gipson, et al., 170 Ky. 321.    But, aside from this, when the appellees, at the request of decedent, joined him in a deed to Hamilton & Elliott they performed their part of the contract and a specific performance will not be decreed against them.

In the petition in this case will be found the following language: "After decedent sold said lands to Hamilton & Elliott, as hereinbefore, said decedent requested the defendants that instead of making the deed to him directly, conveying to him the fee simple title thereto, they join in with him and make a deed directly to Hamilton & Elliott.    This defendants agreed to do, and thereupon the decedent and the defendants, by their deed duly executed, signed and acknowledged, . . .    did convey said lands to said Hamilton & Elliott in fee simple, with covenant of general warranty of title."

A tender is proper when made to the person directed by the purchaser to receive it.    39 Cyc. 1548.    This text is supported by Smith v. C. & N. W. Ry. Co., 18 Wis. 17; Webster, Admr. v. Tibbitts, et al., 19 Wis. 438.    In the latter of the above cases the court uses this apt illustration: "If A owes B a sum of money upon written promise to pay, and afterwards B directs A to pay the money to C and A does so, it is a satisfaction of the debt.    So if A covenanted with B to convey to him a tract of land and

B subsequently requests A to convey the land to C and A does so, it is a satisfaction of the covenant.''

Appellees have performed their contract in the manner and method requested by decedent. This is shown by the allegations in the petition, and is borne out by the facts in this record; more, they cannot be compelled to do.

As said in Blue Grass Realty Building v. Shelton, et al., 148 Ky. 666, ''A decree for the specific performance of a contract for the sale of real estate does not go as a matter of course but is granted or withheld according as equity and justice seem to demand in view of all the circumstances in the case. See Elliott on Contracts, sec. 2284; Story's Equity, sec. 750.''

It is further evident from the proof in this case that the decedent, during his lifetime, and the appellants, since his death, have at all times been thoroughly familiar with the character of the title vested in Mrs. Dawes

In Jenkins, et al. v. Hamilton & Elliott, et al., 153 Ky. 163, the court sustained a judgment for $1,400.00 damages against C. M. Jenkins, holding that Mrs. Dawes did not have the character of title which Jenkins covenanted to convey. In other words that she had a defeasible fee. With this character of title fixed by the court it would be impossible to enter a judgment in compliance with the prayer of the petition in this case, viz.: That the appellees convey the lands to the appellants by a deed in fee simple with covenant of general warranty.

Where the performance of a contract is in fact impossible and a decree for specific performance cannot be enforced, the court will deny the remedy. Elliott on Contracts, sec. 2285.

For the foregoing reasons the judgment is affirmed.