## In re HANSON & TYLER AUTO CO.

(District Court, N. D. Iowa, C. D.   July 31, 1922.)

No. 1257.

Warehousemen ⬅15(1)—Negotiable receipts limited to farm products under Iowa statute; "other commodities."

    Code Iowa, 1897, § 3122, authorizing owners or dealers having in possession or storage "grains, seeds or other farm products" the products of slaughtering "cattle sheep or hogs," "butter, eggs, cheese, dressed poultry and other commodities," to issue and pledge warehouse receipts therefor, *held* limited to food products; the words "other commodities" being construed under the rule of ejusdem generis and the statute not to include automobiles.

    [Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Other.]

In Bankruptcy. In the matter of the Hanson & Tyler Auto Company, William A. Hanson, and Roy C. Tyler, bankrupts. On review of order of referee dismissing petition of First National Bank of Webster City, Iowa. Affirmed.

See, also, 283 Fed. 850.

Frank Maher, of Ft. Dodge, Iowa, for bankrupts.

Seth Thomas, of Ft. Dodge, Iowa, for creditors.

SCOTT, District Judge. This matter came before the court on the 13th day of June, 1922, upon the petition of the First National Bank of Webster City, Iowa, for review of an order of John M. Schaupp, Jr., referee in bankruptcy, made and entered on the 6th day of June, 1921, dismissing the petition of said bank, filed and presented for the purpose of establishing a lien claimed upon a certain automobile under a so-called warehouse receipt issued by the bankrupt. The bank had on May 5, 1920, loaned the bankrupt $1,100, taking its promissory note therefor secured by the delivery of the warehouse receipt in question, covering one Scripps Booth automobile, which was definitely described. The automobile was owned by the bankrupt, and stored in its warehouse in Webster City, and so remained until the adjudication in bankruptcy. There was by agreement a substitution of one automobile for another, but that fact is not material. The trustee appeared and filed a demurrer to the petition of the bank, which for the purpose of the proceeding has been treated as a motion to dismiss.

The warehouse receipt in question was apparently issued under sections 3122–3124, 3126, 3128, of the Code of Iowa of 1897, contained in chapter 10 of title 15. But two questions are argued in the very able briefs filed by counsel; that is: (1) Whether the sections contained within chapter 10 aforesaid are repealed by implication by chapter 10A of the Code Supplement of 1913, codifying chapter 160 of the Acts of the 32d General Assembly of Iowa; and (2) if chapter 10 was not repealed by implication, whether its provisions are sufficiently broad to permit the issuance of warehouse receipts upon automobiles.

The court will consider the second stated question first, for the rea-

son that in the opinion of the court a correct interpretation of section 3122 of the Iowa Code of 1897, will dispose of this review. That section provides:

"All persons, firms or corporations engaged in owning or dealing in grains, seeds or other farm products; the slaughtering of cattle, sheep and hogs, and dealing in the various products therefrom; the buying or selling of butter, eggs, cheese, dressed poultry or other commodities; who own or control the buildings wherein any such business is conducted, or such commodities stored, may issue elevator or warehouse certificates for any of such commodities actually on hand and in store, the property of the person, firm or corporation issuing such certificate, and may by such method sell, assign, transfer, pledge or incumber such commodity to the amount described in such certificate. * * * "

The purpose of this and subsequent sections of the chapter was to enable the particular classes of persons, firms, and corporations enumerated in section 3122 to issue these certificates as a muniment of title to the commodities specified upon their sale or incumbrance by pledge actual or constructive. The section enumerates specifically nine different commodities under three different groups, and following the specific enumeration of "butter, eggs, cheese, dressed poultry," is the general clause, "or other commodities." The question presented is whether the expression, "or other commodities," following the particular enumerations, is intended to embrace other commodities of the same general class, or, in other words, to be limited by the doctrine, so called, of ejusdem generis construction. Counsel for petitioner contend that the words "or other commodities" include every article embraced within the definition of "commodity" in its broadest sense. Counsel for the trustee contend for the ejusdem generis construction, and this was the rule adopted and applied by the referee in making the order now under review.

The court is of opinion that the referee was correct in this ruling. It is significant that the nine different specific classes included in the three groups enumerated are all commodities of one general class; that is to say, food products. They are all products of agriculture, whether of the farm, truck patch, garden, or what not. It is evident that the Legislature, in framing this series of sections, had in mind clearly the dealing in food products and food products only. It might well be contended, to illustrate, that the words "butter, eggs, cheese, dressed poultry or other commodities" include oleomargarine, desiccated eggs, game, and fish, for giving the section such interpretation would give full force and effect to the specific enumeration contained in the section, and also full force and effect to the words, "or other commodities." On the other hand, if we are to construe the words "or other commodities" as embracing all commodities, then we have rendered useless the entire specific enumeration which precedes that. It would have been a useless employment of words to divide these nine specifically enumerated commodities into groups, if the Legislature had intended to bring within the provision of the section all commodities whatever. The Legislature might as well have said all commodities in the first place, and let it end there.

Counsel for petitioner relies upon what this court believes an inadvertent expression in the case of Bank v. Day, 150 Iowa, 696, 130 N.

W. 800, in which case the so-called warehouse receipt had been issued upon tin cans and tin plate of a canning company. The court in that case did not seriously consider the question whether a warehouse receipt would have been good as such on the commodity in question, for that question was forestalled by the holding that the receipt was otherwise invalid. In the opinion of the court, section 3122 et seq. do not authorize the issuance of warehouse receipts upon automobiles, and inasmuch as it is conceded that the receipt in question is not valid under the Uniform Warehousing Act, included in chapter 160 of the Acts of the 32d General Assembly, a decision of this question is conclusive of the controversy. The court deems it unnecessary to pass upon the question as to whether sections 3122 to 3128, inclusive, were repealed by chapter 160 of the Acts of the 32d General Assembly, although the court feels that that question is very much in doubt. It is quite evident that the Code Commission and the subsequent Legislatures have not considered the prior sections repealed by implication. All those sections have been included in the 1919 Compiled Code, and the argument of counsel for petitioner herein is quite persuasive of the conclusion that the Legislature intended certain classes of persons, firms, and corporations not warehousemen to issue the certificates contemplated by those sections.

In view of the conclusions reached in this opinion, the order of the referee reviewed will be affirmed.