### Huntsman, et al. v. Bryant, et al.

(Decided October 31, 1922.)

### Appeal from Allen Circuit Court.

1. Life Estates—Life Tenant—Waste—Mines and Minerals—Oil and Gas Lease.—A life tenant cannot execute a valid oil and gas lease.

2. Deeds—Instrument Wanting in Necessary Requisites.—It is essential to every deed that there be a grantor, a grantee and a thing granted, and if no grantee is named in any part of the deed, no title passes.

3. Vendor and Purchaser—Bona Fide Purchaser—Notice.—Where a prior oil and gas lease is not only recorded, but is referred to in the deed under which the purchaser acquires title, he takes with notice and subject to the terms of the lease.

OLIVER & DIXON for appellants.

HARPER & DENTON for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Reversing.

This appeal is from a judgment cancelling an oil and gas lease held by appellants on land owned by appellees.

The facts are these: On January 2, 1912, J. S. Carlock executed the following deed:

''This deed of conveyance made and entered into this the 2nd day of January, 1912, between J. S. Carlock of Trammel, Allen county, Ky., party of the first part.

Witnesseth: That said party of the first part for and in consideration of the sum of $5.00 and the parental love of father and sons, the receipt of which is hereby acknowledged, does hereby sell and convey to the parties of the second part, their heirs and assigns, the following described property to-wit:   (Here follows description of property.)

''The party of the first part retains possession of this land until his death, at which time the parties of the sec-

ond part are the legal owners and shall take possession of the same.

"To have and to hold the same, together with all the appurtenances thereunto belonging unto the parties of the second part, their heirs and assigns forever, and the said party of the first part hereby convenants with the said parties of the second part that he will warrant the title to the property hereby conveyed unto the said parties of the second part, their heirs and assigns forever.

"In testimony whereof the party of the first part has hereunto subscribed his name the day and year aforesaid.                    "(Signed) J. S. CARLOCK."

On April 15, 1916, J. S. Carlock, the grantor in the above deed, executed an oil and gas lease on the same land to appellants, E. C. Huntsman and H. E. Dixon, and the lease was promptly recorded in the Allen county clerk's office.

On April 23, 1919, J. S. Carlock and his two sons, Claude Carlock and Guy Carlock, conveyed the land to appellees, W. W. Bryant and M. M. Bryant, by deed containing the following clause:

"The above described land has been leased to Earl C. Huntsman and H. E. Dixon bearing date April 15th, 1916, and this deed conveys to second parties all the oil and gas rights same retained in said lease to J. S. Carlock, lessor."

The correctness of the judgment depends on the validity of the deed of January 2, 1912. If the deed is valid, then J. S. Carlock, who reserved only a life estate, could not execute a valid oil and gas lease. On the other hand, if the deed is invalid, then no title passed from the grantor and he had the power to make a valid lease. In discussing the requisites of a deed Blackstone says, "So, as in every grant, there must be a grantor, a grantee and a thing granted." Blackstone's Commentaries (Chitty), vol. 1, book 2, p. 239. In the early case of Garnett v. Garnett's Lessee, 7 T. B. Mon. 545, there was involved the validity of the following release made by Thomas Garnett on a deed from William to James H. Garnett of the same date: "I do hereby relinquish all the right and title to the within mentioned tract of land, that I hold by deed or any other claim whatsoever; as witness my hand and seal, this 7th day of July, 1812." In discussing the question the court said: "The relinquishment

possesses no force. It purports to be given to no person, and, of course, no person can take anything by it. A grantee is essential to the validity of a grant, as that there should be a grantor or a thing granted." In the case of Allen v. Withrow, 110 U. S. 119, 28 L. Ed. 90, Mr. Justice Fields, speaking for the court, said: "The deed in blank passed no interest, for it had no grantee. The blank intended for the name of the grantee was never filled, and until filled, the deed had no operation as a conveyance." Indeed, there is no dissent from the rule that where the name of the grantee is left blank, the legal title does not pass by the conveyance. 8 R. C. L. 956, 18 C. J. 176. In designating the parties to the deed in question the caption does not even use the words, "Parties of the second part," while, in the granting clause, the reservation clause and the habendum clause only the words, "Parties of the second part," are used. Therefore, the case is one where no grantee is named in any part of the deed, and no title having passed, the grantor had the right to execute a valid lease on the land. As the lease was not only on record, but was specifically referred to in the deed by which appellees acquired title, it necessarily results that they purchased with notice of the lease and subject to its terms.

Judgment reversed and cause remanded with directions to dismiss the petition.