### REYNOLDS, ELY & CO. v. KINGSBURY *et al.*

1. ACKNOWLEDGMENT: STATUTE CONSTRUED. Chapter 33, Laws of 1858, (Rev. of 1860, §§ 2255, 2256,) is retrospective only, and does not cure defective acknowledgments made after it took effect.

2. SAME. A certificate of acknowledgment of a deed by a husband and wife failed to show, either in form or substantially, that the wife was "personally known" to the officer taking the same "to be the identical person whose name was affixed to the deed as grantor." *Held,* 1. That the certificate was insufficient. 2. That a record of the deed did not give constructive notice to subsequent purchasers. (*Brinton* v. *Seevers,* 12 Iowa, 389; *Cavender* v. *Heirs of Smith,* 5 Id., 157; *Wickersham* v. *Reeves and Miller,* 1 Id., 413.)

<em>Appeal from Dubuque District Court.</em>

THURSDAY, OCTOBER 15.

COMPLAINANTS ask the foreclosure of a trust deed made by Kingsbury and wife to secure the note of Mason, Magill & Denton. The grantors resist the foreclosure, upon the ground that the deed is void, and Stone, a subsequent purchaser, denies all notice of said incumbrances. The bill was dismissed as to Kingsbury and wife and the subsequent purchaser, and judgment rendered against the maker for the amount due on the note. Complainants appeal.

*Allison, Crane & Root* for the appellant, as to the sufficiency of the acknowledgment and the record, cited *Dickerson* v. *Davis et al.,* 12 Iowa, 353, and the cases there

cited; *Bostwick* v. *Powers et al.*, 12 Iowa, 456; *Calvin* v. *Bowman and Neal*, 10 Iowa, 529; *Scoles* v. *Wilsey et al.*, 11 Id., 261, and the cases there cited.

*Adams and Robinson* for the appellees.

WRIGHT, J.—The property covered by the trust deed was owned by and held in the name of the wife. At the time of the execution of said deed, and subsequently, said property constituted the homestead of the grantors. In the acknowledgment the certifying officer fails to state that the wife " was personally known " to him, " to be the identical person whose name was affixed to the deed as grantor." Nor does he state anything that either in tenor, form or substance amounts to the same thing. The deed was made in August, 1858, after the taking effect of chapter 33, Laws of 1858. The second section of that act is retrospectively curative, and does not affect deeds made after that time. This being true, upon the authority of *Brinton* v. *Seevers*, 12 Iowa, 389, the deed was defectively acknowledged, and the recording of the same imparted no notice of its contents to subsequent purchasers. A certificate of acknowledgment is good, though not in the language of the statute, provided the words used substantially comply with the object and meaning of the law. *Cavender* v. *Heirs of Smith*, 5 Iowa, 157. It is sufficient if the words used have the same force and import. *Wickersham* v. *Reeves and Miller*, 1 Id., 413. Not so, however, where the certificate is wanting in language which approximately or otherwise meets the requirements of the statute.

There is no pretense that Stone had actual or other than constructive notice of this trust deed. As we have seen that he had no constructive notice, it follows that he took the property divested of any lien, and that in this respect there was no error in the action of the District Court. And

as the other questions made are unimportant and for the most part subordinate to this, without entering upon their discussion, we affirm the decree below.

                                                    Affirmed.