## WILLIAM E. BOORAEM *vs.* JOHN CRANE.

If a person to whom intoxicating liquors have been delivered for examination, under an agreement that he shall pay cash for them if they suit him, and return them if they do not, and that they shall not become his property till paid for, refuses, on demand, to pay for them or to return them, and conceals them, he is liable to an action for their conversion, notwithstanding the statutes forbidding the sale of intoxicating liquors.

TORT for the conversion of some whiskey. At the trial in the superior court, before *Wilkinson*, J., the plaintiff introduced evidence tending to show that the whiskey was sent by the plaintiff to the defendant for him to examine it, under an agreement that, if it did not prove satisfactory, he would return it, but, if it suited him, he was to pay cash for it, and, until paid for, it should remain the property of the plaintiff; and that the defendant refused on demand to pay the price or return the whiskey, and concealed it.

The defendant requested the judge to rule that the evidence would not support the action ; but he declined so to rule, and instructed the jury that, if they found that there was no sale of the whiskey by the plaintiff to the defendant, the action could be maintained. The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*I. S. Morse*, for the defendant, relied on the Gen. Sts. *c.* 86, and *c.* 168, § 8.

*G. A. Somerby*, (*T. S. Dame* with him,) for the plaintiff.

AMES, J. The property in question was intrusted to the defendant's hands, in order that he might examine it with a view to a purchase. It was not sold to him on credit, and by the terms of the contract was not to become his property until he

should pay the agreed price. According to the well established rule laid down by this court in *Coggill* v. *Hartford & New Haven Railroad Co.* 3 Gray, 545, and in many other cases to the same point, the merchandise continued to be the property of the plaintiff. It was property which the law protects against wrong-doers; and the defendant, in removing it out of the owner's reach and converting it to his own use, was a mere wrongdoer. There is nothing in the statutes in relation to the sale of intox-icating liquors to prevent the owner of such liquors from main-taining an action to recover them or their value, when they are tortiously taken from him. *Breck* v. *Adams*, 3 Gray, 569. *Fisher* v. *McGirr*, 1 Gray, 1, 46. *Commonwealth* v. *Coffee*, 9 Gray, 139. *Brown* v. *Perkins*, 12 Gray, 89.

*Exceptions overruled.*