THE F. P. GLUCK COMPANY, Appellant, v. J. LESTER THERME, as Assignee of the Jackson Drug Company, Appellant.

**Assignment for benefit of creditors:** TITLE OF ASSIGNEE. An assignee for the benefit of creditors takes the same right or interest in the property assigned that his grantor had, and the same is subject to liens existing at the time of the assignment. The assignee is not a purchaser for value, nor does the assignment have the effect of an attachment in favor of creditors.

**Sales:** CONTRACTS AS TO TITLE: LIENS. A contract of sale providing that title to the property shall remain in the seller until the purchase price is paid is binding except as to creditors and purchasers without notice; and the setting aside of designated property as a pledge or for the payment of a debt is sufficient as between the parties to create a lien or to pass title.

**Same:** ASSIGNMENT FOR BENEFIT OF CREDITORS: TITLE TO PROPERTY. A mere tentative agreement by which the buyer of goods undertakes to turn the same back to the seller at the purchase price to be applied on his indebtedness, which had not been carried out, will not affect the title subsequently acquired by the buyer's assignee for the benefit of creditors; but if the arrangement had been substantially consummated and what was done with respect thereto was treated as a sufficient delivery or as a transfer of the title, although there may not have been a change of manual possession, the assignee would not take the title and right to possession; and whether there has been a sufficient delivery to pass title depends on the intention of the parties, to be gathered from their conduct and statements, and is usually a question for the jury.

**Same:** REPLEVIN. Replevin will lie against an assignee for the benefit of creditors to recover personalty belonging to another but which was in the possession of the assignor at the time of the assignment.

*Appeal from Van Buren District Court.*—HON. M. A. ROBERTS, Judge.

SATURDAY, FEBRUARY 10, 1912.

ACTION to recover possession of certain liquors. Judgment for defendant, and plaintiff appeals.—*Reversed.*

*Walker & McBeth,* for appellant.

*J. C. Calhoun* and *Robert & H. B. Sloan,* for appellee.

WEAVER, J.—The Jackson Drug Company, dealer in drugs at Keosauqua, Iowa, becoming insolvent, made an assignment of its goods and property to the defendant herein for the benefit of its creditors. Among the property which the assignee claims to have thus acquired are the goods in controversy. The claim of the plaintiff, a dealer in liquors at Cincinnati, Ohio, is that at a time prior to said assignment the drug company held a permit authorizing it to buy and sell liquors for lawful purposes, and while so doing business purchased from plaintiff a quantity of liquors for its said trade; that thereafter, and before the assignment, the drug company surrendered its permit, and, being no longer authorized to sell said liquors, entered into an agreement with plaintiff whereby they were to be redelivered and shipped back to the plaintiff or to such other place as plaintiff should direct; that such agreement was, in fact, executed and carried out by separating said goods from the general stock and tagging them with the name of the plaintiff, and setting them aside for shipment according to directions to be thereafter given in which condition they remained at the time of the assignment. It is therefore claimed that said goods did not pass to the assignee under the assignment, and that the detention thereof by him is wrongful. The defendant, answering the petition, admits that he received the goods into his possession, and claims title thereto for the benefit of the creditors of the drug company, and that the value thereof is as alleged by the

plaintiff. He denies that there was any effective setting apart of the goods to the plaintiff by the drug company or any sufficient delivery thereof before the assignment. These issues coming on for trial to a jury, and plaintiff having offered its testimony and rested, the court upon motion of the defendant directed a verdict in his favor.

From the judgment entered on this verdict plaintiff's appeal is taken. The testimony tended to show that the goods in controversy were purchased or ordered from the plaintiff and shipped to the drug company with the agreement or understanding that the company was contemplating a change of location for its business, and, if such change was made thereby invalidating the company's liquor permit, said goods were to be considered the property of the plaintiff, and turned back to it. The goods so sold the drug company have never been paid for. It was further shown that, when the drug company moved to its new location, these liquors were for some time left stored in the old building, and later, when plaintiff's agent called, he, with Jackson, representing the drug company, went to the room where the liquors were stored, and tagged the packages, and put them in shape for future shipment as might thereafter be directed by plaintiff or its agent. There were no other goods in the room at the time. Later, the goods not having been ordered away, they were as a matter of convenience brought down to the drug company's new place of business, and stored in the cellar. On cross-examination of Jackson, who testified for plaintiff, he seems to say that the tagging of the goods with the name and address of the plaintiff was done when they were moved from the old building.

The motion for a directed verdict was based upon grounds which may be condensed as follows: (1) That, there having been no change in the possession of the goods, the agreement to return the goods to plaintiff was void as against creditors under the provisions of Code, section

2906. (2) That the undisputed evidence shows no sufficient delivery of the goods to plaintiff and no payment therefor, and that a completed· delivery such as claimed by the plaintiff would constitute an unlawful sale of liquors and ineffective to confer any right of property upon plaintiff. (3) That, the assignee having taken the assignment without notice of plaintiff's claim, his title taken for the benefit of creditors is not affected thereby.

Returning first to the proposition that the assignee is a purchaser without notice within the meaning of the statute, we think it must be held unsound. The assignee in insolvency proceedings takes no higher or better right in the subject of the assignment than was held by his insolvent grantor, and, if the plaintiff could have asserted ownership of or lien upon the property as against the drug company, the same title or lien may be asserted against the company's assignee for the benefit of creditors. *Warner v. Jameson,* 52 Iowa, 70; *Roberts v. Corbin,* 26 Iowa, 315; *Arnold v. Grimes,* 2 Iowa, 1; *Wise's* case, 121 Iowa, 361; *Jenks'* case, 129 Iowa, 139; *Cuddy v. Becker,* 146 Iowa, 253; *Meyer v. Evans,* 66 Iowa, 183; *In re Canning Co.,* 150 Iowa, 696. The assignee is not a purchaser for value, neither does the assignment have the effect of the levy of an attachment of the goods in favor of creditors.· *Roberts v. Corbin supra.*

1. ASSIGNMENT FOR BENEFIT OF CREDITORS: title of assignee.

We have then to inquire what were the rights and relations of plaintiff and the drug company with reference to these goods at the time of the company's assignment for the benefit of its creditors. The plaintiff's theory may be stated in two ways: (1) That the original sale of the goods was made upon an agreement that, if the drug company moved from the building in which it could lawfully sell and keep for sale goods of that nature, the remainder then unsold should become the property of plaintiff, and that, in fact, this return was accomplished by setting the

goods so designated apart for plaintiff's use; and (2) that, irrespective of the agreement made at the time of the purchase, the subsequent setting apart of the goods for the plaintiff in pursuance of an agreement for their return was an effectual delivery and transfer of the title, and that thereafter the drug company could not by its assignment pass title to the assignee.

As between buyer and seller of personal property, an agreement that the title shall remain in the latter until the purchase price is paid is valid (*Bailey v. Harris,* 8 Iowa, 331; *Moseley v. Shattuck,* 43 Iowa, 540), and it may be enforced except as against creditors and purchasers without notice.

2. Sales: contracts as to title: liens.

The setting apart of designated personal property as a pledge, or as security, or as payment of a debt, is sufficient between the parties to create a lien or pass a title of the parties to the transaction. *In re Canning Co.,* 150 Iowa, 696.

So, also, if we consider plaintiff's claim as resting, not upon the original agreement between itself and the drug company, but upon a subsequent agreement by which the drug company undertook to turn back the goods at the purchase price, and reduce to that extent its indebtedness to plaintiff. If this was merely a tentative proposition which had not been carried out in fact or in substance, then, of course, the assignment would vest the title in the assignee, and the judgment below would have to be upheld. On the other hand, if that arrangement had been substantially consummated and what was done may be treated as a sufficient delivery or a completed transfer of the title, the assignment would not affect the plaintiff's right to the property,. and the assignee's. detention of the goods against plaintiff's demand therefor is wrongful. It is not always essential to a delivery or to the passing of title that the goods shall be taken into the manual possession of the person claiming

3. Same: assignment for benefit of creditors: title to property.

them. This subject is treated quite fully in *Clark v. Shannon*, 117 Iowa, 645, and many authorities cited showing the rule to be as between buyer and seller that change of possession is not necessary to the completion of the sale.

Whether a setting apart of the goods for the buyer is a sufficient delivery to effect a passing of the title depends entirely upon the intention of the parties, and their intention in this respect is ordinarily to be drawn as an inference or conclusion from their words, statements, and conduct. In other words, an issue of this nature is one of fact for the finding of the jury. We find nothing in the record to bring this case as a matter of law within any recognized exception to the rule, and in our judgment the court was in error in directing a verdict. In short, holding as we do that the assignee is not a subsequent purchaser in such sense that he can repudiate the valid sale or contract of the insolvent made before the assignment the material question left is one of fact; that is, whether the alleged agreement was in fact made, and whether the property was designated and set apart by the parties with the intention of thereby passing the title to the plaintiff. If such agreement was in fact made, and the goods set apart with intention thereby to pass the title, and they were thereafter held by the drug company simply as a bailee awaiting orders from the plaintiff, then plaintiff is entitled to recover the property or the value thereof.

The burden of proof is upon the plaintiff, but the evidence upon the issue is not so clear or undisputed as to permit the court to withdraw its determination from the jury.

It is suggested in argument for the appellee that such a deal as plaintiff claims was made by which it accepted a return of the goods as a credit upon its demand against the drug company is contrary to our prohibitory liquor law, and plaintiff could thereby acquire or assert no rights which the court will recognize or enforce. It is sufficient

for the purposes of this appeal to say that no such issue was raised on the trial below, and is therefore not a proper matter for our consideration. It may be proper, however, to remark that plaintiff is not here attempting to enforce an executory contract, the validity of which may be denied, but is asserting absolute ownership of the property under an executed contract of sale, and it is at least doubtful whether, in a contest between it and the assignee, the latter can raise the question suggested by counsel. See *Harrison v. Nichols,* 31 Vt. 709; *Booraem v. Crane,* 103 Mass. 522; *Breck v. Adams,* 3 Gray (Mass.) 569; *Monty v. Arneson,* 25 Iowa, 383; *Smith v. Dinkelspiel,* 91 Ala. 528 (8 South. 490).

It is finally said that property held by an assignee is not subject to replevin. None of the cases cited support the proposition as applied to this case. It is true that, except upon claim of exemption, the party against whom an execution or attachment is issued can not maintain replevin against the officer serving the writ, and this is all the cases referred to decide. That one who claims that his property has been wrongfully taken under a writ or other proceeding against a third person may bring replevin therefor is a well-established practice in this state, and is recognized in the statute on the subject of replevin. Code, section 4168.

4. SAME: replevin.

For the reasons hereinbefore stated, the judgment below must be reversed and remanded for a new trial.— *Reversed.*