## ALBERT PICK & CO. v. WILSON.

### In re DEAN.

Circuit Court of Appeals, Eighth Circuit.
April 12, 1927.

No. 7452.

1. Bankruptcy ⟨⟩184(2⅛)—Where mortgage of fixtures was not properly acknowledged, and hence not properly recorded, mortgagee was not entitled to secured claim against trustee in bankruptcy of mortgagor (Code Iowa 1924, § 10015; Bankruptcy Act, §§ 47a, 67a, 67c [U. S. Comp. St. §§ 9631, 9651]).

Where chattel mortgage on restaurant fixtures and equipment, given to secure purchase price, was never properly acknowledged, and hence not properly recorded, mortgagee was not entitled to secured claim against trustee in bankruptcy of purchaser under Code Iowa 1924, § 10015, and Bankruptcy Act, §§ 47a, 67a, 67c (U. S. Comp. St. §§ 9631, 9651).

2. Chattel mortgages ⟨⟩152, 194—Attempted transfer by chattel mortgage is incomplete as against lien creditors, until perfected by proper acknowledgment and recordation.

Attempted transfer of property by chattel mortgage is incomplete as against lien creditors, until perfected by a proper acknowledgment and recordation of the instrument.

3. Bankruptcy ⟨⟩101, 152—Estate is in custodia legis from date of filing petition, and title of trustee relates back to and is determined as of that date.

Bankrupt's estate is in custodia legis from date petition is filed, and title of bankrupt, and his rights and remedies, relate back to and are determined as of that date.

4. Bankruptcy ⟨⟩9(2)—Courts ⟨⟩97(5)—Bankruptcy Act controls state statutes, and state courts follow federal courts in dealing with questions arising thereunder.

Provisions of federal Bankruptcy Act (Comp. St. §§ 9585–9656) are paramount to any state statute, and state courts follow decisions of the federal courts in dealing with questions arising under that law.

Appeal from the District Court of the United States for the Southern District of Iowa; Martin J. Wade, Judge.

In the matter of the bankruptcy of Ernest Dean; Carlton C. Wilson, trustee. From a decree denying priority to the claim of Albert Pick & Co., they appeal. Affirmed.

Bailey & Baldrige, of Washington, Iowa, for appellants.

Edmund D. Morrison, of Washington, Iowa, for appellee.

Before STONE and VAN VALKEN-BURGH, Circuit Judges, and SYMES, District Judge.

SYMES, District Judge. This is an appeal in bankruptcy from the District Court of the United States for the Southern District of Iowa.

It appears that on or about July 1, 1920, Albert Pick & Co. sold to one Dean certain restaurant fixtures and equipment, and took in part payment thereof several notes, due serially, secured by a chattel mortgage on the fixtures, which was filed for record with the recorder of Washington county, Iowa. Three years thereafter Dean filed his voluntary petition in bankruptcy, and in his schedules listed this debt. He was adjudicated a bankrupt on April 28, 1923, and Pick & Co. filed their claim as a secured debt for $1,-145.68 as the balance due. The amount is not disputed. The trustee, however, objected to the claim as a preferred claim on two grounds: First, that the chattel mortgage upon which the claim for priority was based showed on its face, and in fact was never properly acknowledged, proved, or recorded as required by the lex loci; and, secondly, that, for the reasons already stated, the instrument was not eligible to be filed for record, and could not be legally filed, and therefore as to the trustee was invalid and of no force or effect.

The referee sustained the objections and allowed the claim as that of a general claim only. A petition for review having been filed, the matter was referred by the District Court to a special master to determine and report the facts and his conclusions. It is conceded that the chattel mortgage was never acknowledged, and under the state statute was not entitled to be recorded. The master was of the opinion that the 1910 amendment to section 47a of the Bankruptcy Act (Comp. St. § 9631) gave the trustee no additional rights whatever than he had under the prior law, unless some creditor had actually obtained a lien by levy thereon, and that in case such a lien had been so obtained its validity in Iowa would depend upon whether the creditor obtaining it had actual notice, prior to the levy, of the existence of such a mortgage. He accordingly recommended that the finding of the referee be reversed and the claim for priority be allowed.

On exceptions to the master's report, the lower court held that section 47a, as it now stands, did not require that a lien should actually have been established; that it gives the trustee the status of that of a lien creditor at the moment the bankruptcy petition was filed, with the right to procure a lien by execution or attachment if the property was still in the hands of the bankrupt, and accordingly affirmed the finding of the referee. Pick & Co. bring the case here on appeal.

[1] The Iowa statute (Code 1924, § 10015) declares that no mortgage of personal property shall be valid against existing creditors or subsequent purchasers without notice, unless executed and acknowledged like a conveyance of real estate, and duly recorded, etc. As to what constitutes legal acknowledgment and recording in Iowa, see sections 2925, 2926, 2942, 2948, 2959, Code of 1897. These sections are construed in Reynolds v. Kingsbury, 15 Iowa, 238; Brinton v. Seevers, 12 Iowa, 389. In Bank v. Snodgrass, 182 Iowa, 1387, 166 N. W. 681, the Supreme Court of Iowa held the statutory requirements were mandatory, and that, before a chattel mortgage could be held to have given constructive notice, the recording acts must have been strictly complied with; that the burden of proving actual notice of an instrument not legally recorded is upon the holder. Martin v. Lesan, 129 Iowa, 573, 105 N. W. 996.

[2] The transfer of the property in question sought to be made by the chattel mortgage was incomplete until perfected by a proper acknowledgment and recordation of the instrument. In Re Caslon Press (C. C. A.) 229 F. 133, it is said: "Recording an unacknowledged or an improperly acknowledged chattel mortgage concededly gives no constructive notice, and therefore does not better the position of the mortgagee as against the subsequent lienor in Illinois. A further act by the grantor itself, the acknowledgment, is a prerequisite to the grantee's power to secure an effectual recording of the conveyance, such as will protect it under some circumstances against subsequent lienors, including, since the 1910 amendment of section 47a (2), the trustee in bankruptcy." And Groner v. Babcock Printing Press Co. (C. C. A.) 267 F. 822, holds that the trustee in bankruptcy is entitled to rights of a subsequent lien holder, as against an improperly recorded obligation.

[3] The specific question before us is whether, under section 47a of the Bankruptcy Act, as amended in 1910, the trustee acquired, as to the property in question, the rights of a creditor levying upon property coming into the control of the bankruptcy court at the time the peition was filed, and, generally, just what additional rights this amendment gives the trustee. This estate was in custodia legis from the date the petition was filed, and the title of the trustee, and his rights and remedies, related back to, and are determined as of, that date. Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 36 S. Ct. 466, 60 L. Ed. 841; Bailey, Trustee, v. Baker Ice Mach. Co., 239 U. S. 268, at 276, 36 S. Ct. 50, 60 L. Ed. 275.

The amendment provides, in effect, that the trustee shall have the same title to the property of the bankrupt in the custody of the court that a creditor holding a lien by legal or equitable proceedings levied against the property would have under a state law, and, as to property not in the custody of the court, the trustee should stand in the position of a judgment creditor holding an execution duly returned unsatisfied.

It must be conceded that there is a respectable amount of authority holding that the trustee under the amendment of 1910 cannot attack or defend against a voidable chattel mortgage, unless there be in fact a creditor holding a fixed lien on the chattels at the time of filing the petition. In re Lausman (D. C.) 183 F. 647; In re Flatland (C. C. A.) 196 F. 310; Collier on Bankruptcy (12th Ed.) 728. Otherwise, that the amendment does not increase the trustee's rights beyond the point of standing in the shoes of the bankrupt.

[4] Appellant places great reliance upon Smith-Flynn Commission Co., 292 F. 465 (this circuit), which, as stated, gives the amendment a somewhat limited effect. That case, however, arose in another state, involved a question of a pledge, not a chattel mortgage, and specifically held that under the state law recording was not essential to its validity. Judge Kenyon in his discussion states that a trustee may now question any lien or pledge that any lien creditor might challenge had there been no bankruptcy. Nor does Carey v. Donohue, Trustee, 240 U. S. 430, 36 S. Ct. 386, 60 L. Ed. 726, L. R. A. 1917A, 295, purport to pass upon the question at bar; it likewise holding that the conveyance in question did not require recording in order to give it validity. American Laundry Mach. Co. v. Everybody's Laundry, 185 Iowa, 760, 171 N. W. 161, relied upon by the appellant, dealt with a conditional sales contract, which was properly acknowledged and recorded. There is some language in the opinion that might give comfort to appellant, but it was not necessary to a decision of the case. The provisions of the federal Bankruptcy Act are paramount to any state statute, and state courts follow the decisions of the federal courts dealing with questions arising under that law. Brenan v. Dahlstrom Metallic Door Co., 189 App. Div. 685, 178 N. Y. S. 846. Likewise in Martin, Trustee, v. Commercial Nat. Bank of Macon, Ga., 245 U. S. 513, 38 S. Ct. 176, 62 L. Ed. 441, we find that the state law and decisions recog-

nized unrecorded chattel mortgages as valid between the parties, and merely postponed them to liens created while they remain unrecorded.

The intention of the Bankruptcy Act prior to 1910 was that the trustee should take the estate precisely where he found it, with no additional rights, excepting, of course, the specific right to set aside preferences and liens acquired within the four-month period. York Mfg. Co. v. Cassell, 201 U. S. 344, 26 S. Ct. 481, 50 L. Ed. 782. But, as pointed out in Smith-Flynn Commission Co, supra, and the Congressional Record, 61st Congress, 2d Session, 2275–2277, the amendment under discussion was designed to supersede that decision.

The courts at first failed to give full effect to the intention of Congress. If its operation is restricted to cases in which a creditor has in fact acquired a lien, etc., by legal or equitable proceedings, practically no change results, because under section 67c (Comp St. § 9651) the trustee already had such a lien, if created within four months. The better view would seem to be that the amendment was designed to reach those cases in which no creditor had acquired such a lien, and to give the trustee for the benefit of the estate, the potential rights of creditors with such liens. The language is broad and all-inclusive, and would seem to refer to such "rights, remedies and powers" as a creditor holding a lien would have under the law of the particular state, rather than to the "rights, remedies and powers" of a creditor who has actually fastened a lien upon the bankrupt's property. In other words, the amendment arms the trustee with process to the same extent that any judgment creditor would have according to the law of the particular state, and he is not necessarily concluded by an instrument or agreement which might have been good against the bankrupt had bankruptcy not intervened. Scandinavian-American Bank v. Sabin (C. C. A.) 227 F. 579; Meier & Frank Co. v. Sabin (C. C. A.) 214 F. 231; Senft v. Lewis (C. C. A.) 239 F. 116; In re Sullivan Co. (C. C. A.) 254 F. 660; In re Geiver (D. C.) 193 F. 128; White v. Pac. S. W. Trust Co. (D. C.) 9 F.(2d) 650; Mergenthaler Linotype Co. v.

Hull (C. C. A.) 239 F. 26; In re Pittsburg Big Muddy Coal Co. (C. C. A.) 215 F. 703. In the latter case Judge Baker expressly rejected the contention that the trustee under the amendment of 1910, cannot defend against a voidable chattel mortgage, unless there be, in fact, a creditor holding a lien, saying:

"The plain and natural reading of the words gives the trustee the same right to attack or resist secret liens that judgment creditors would have had if bankruptcy had not intervened, no matter whether there are or are not any such creditors when the petition in bankruptcy is filed. * * * If the amendment were to be construed so as to limit the power of the trustee to cases in which there are lien creditors, virtually nothing would be added to the original act"—citing a wealth of authorities.

"The mortgage, having never been properly acknowledged or recorded, was invalid as against the trustee in bankruptcy." Fairbanks Shovel Co. v. Wills, supra.

This is consistent with section 67a of the act (Comp. St. § 9651), declaring that claims which for want of record or other reasons would not have been valid liens as against the creditors of the bankrupt shall not be liens against his estate.

A late authority in this circuit is Burroughs Adding Mach. Co. v. Bogdon, 9 F. (2d) 54. In that case the bankrupt came into possession of an adding machine by virtue of an instrument which this court held to be a conditional sales contract, and because it was not filed for record at the time the bankruptcy petition was filed and possession retained by the seller, as required by the laws of Colorado, it was declared void as against the trustee.

A comparison of the discussion of this amendment in Collier on Bankruptcy (12th Ed., 1921) pp. 728, 729, with Gilbert's Collier (1927) p. 691, shows the trend of the late authorities, and that the rights of the trustee in respect to property against which a lien is asserted, are derived from the amendment and not from any creditor of the estate. See, also, Remington on Bankruptcy, § 1567.

The decree of the lower court is affirmed.