## BARBEE v. SPURRIER LUMBER CO.
## In re MEYERS' ESTATE.
### No. 750.

Circuit Court of Appeals, Tenth Circuit.
April 5, 1933.

Norman E. Reynolds, Paul C. Williams, and W. Otis Ridings, all of Muskogee, Okl., for appellant.

Philip Pierce, Bruce McClelland, Jr., Louie G. Kneeland, and Robert O. Bailey, all of Oklahoma City, Okl., for appellee.

Before LEWIS, PHILLIPS, and Mc-DERMOTT, Circuit Judges.

LEWIS, Circuit Judge.

On May 6, 1931, appellee sold to Arthur W. Meyers by written agreement refrigeration equipment for use in Meyers' grocery store at an agreed consideration of $1,085. By the agreement title was to remain in the vendor until the purchase price was fully paid. There is no claim of fraud in the transaction.

On September 4, 1931, Meyers was adjudged bankrupt on his petition filed that day.

On October 12, 1931, appellee. petitioned the referee for an order that the equipment be returned. The referee held that the trustee as such was entitled to hold the equipment by virtue of section 47a of the Bankruptcy Act (11 USCA § 75 (a), which in part is this:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied. * * *"

On certification the District Judge held to the contrary, and directed the trustee to deliver the property claimed to appellee. The trustee has appealed. The estate is being administered in Oklahoma, and the property is there. Section 8551, Compiled Okla. Stat. 1921, provides:

"Any instrument in writing, * * * evidencing the conditional sale of personal property, which retains the title to the same in the vendor until the purchase price is paid in full, shall be void as against * * * the creditors of the vendee, unless the original instrument, or a true copy thereof, shall have been deposited in the office of the register of deeds in and for the county wherein the property shall be kept. * * *"

As construed by the supreme court of that state, the word "creditors" in said section 8551 is restricted by section 6018 of the state statutes to lien creditors. The latter section is this:

"In the absence of fraud, every contract of a debtor is valid against all his creditors, existing or subsequent, who have not acquired a lien on the property affected by such contract."

The court in considering these statutory provisions in Rock Island Imp. Co. v. Fagerquist, 99 Okl. 282, 227 P. 117, 118, said:

"By complying with section 8551, supra, a recording act, the parties may have the full benefit of the rights created by the substantive law. [Section 6018.] The substantive law gives the right, only, to lien creditors to question the failure to file the conditional sales contract for record. This harmonizes with the rules of law for guidance in construing the recording acts, as the recording acts do not create any substantive right, but are merely for the protection of such rights. So, the defendant cannot look to the phrase 'creditors of the vendee' as describing the class of persons who may attack the conditional sales contract for failure to record. The class who may make such attack is defined by the substantive law of contracts to

which reference has already been made herein."

The conditional sale contract in this case was never deposited in the office of the register of deeds as provided by said section 8551. There were no lien creditors, but the trustee insists he became vested with the rights, remedies, and powers of lien creditors for the benefit of the estate on bankruptcy.

The District Judge in denying the contention of the trustee relied on In re Terrell (C. C. A.) 246 F. 743. It is sufficient to say that in that case the conditional sale contract there involved was filed for record prior to bankruptcy, and it is not applicable to the facts here. Also, in Bailey v. Baker Ice Mach. Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275, the conditional sale contract there involved was filed for record prior to bankruptcy, and hence the trustee only acquired the rights given him by said section 47a subject to the rights of the vendor. Also in Martin v. Commercial National Bank, 245 U. S. 513, 38 S. Ct. 176, 62 L. Ed. 441, a chattel mortgage filed for record only one day before bankruptcy saved the rights of the mortgagee against lien creditors under the local law, and it was held that the trustee's lien was likewise subject to the rights of the mortgagee. Indeed, the trustee does not seem to have contended to the contrary in that case, but he attacked the mortgage as a preference under section 60b of the act (11 USCA § 96 (b). Under the conditions in the cases that have been cited the only right the trustee has is to satisfy the chattel mortgage or the interest of the vendor to hold the property as trustee. The District Judge also relied on In re Abell (C. C. A.) 19 F.(2d) 965. In that case the Seventh Circuit followed the rule established as to the rights of interested parties by local law. There was no statute of Illinois providing for the placing of a conditional sale contract of public record, and there was no method provided under local law by which a creditor of the bankrupt could encroach upon or supersede the rights of a vendor under a conditional sale. A contract like the one in the Abell Case was considered by the Third Circuit in Re Press Printers & Publishers, Inc., 23 F.(2d) 34. That case required the consideration of the rights of the vendor as they had been established under the laws of New Jersey. There a statute of the state rendered the conditional sale contract void as to lien creditors of the buyer unless the contract had been previously filed for public record. It had not been filed, and hence it was held by the court of appeals that the lien provided for by said section 47a of the Bankruptcy Act vested in the trustee.

We therefore think it plain the Bankruptcy Court erred in its order and judgment. Reversed with direction to set the same aside and to enter an order affirming the order of the referee.