**SWEENEY v. MEDLER.**
No. 1248.

Circuit Court of Appeals, Tenth Circuit.
May 13, 1935.

Marron & Wood, of Albuquerque, N. M., for appellant.

Edward L. Medler, of Hot Springs, N. M., for appellee.

Before PHILLIPS, McDERMOTT, and BRATTON, Circuit Judges.

PHILLIPS, Circuit Judge.

This is an appeal from an order in a proceeding in bankruptcy allowing the claim of Sweeney against the estate of the El Oro Mines Company, but denying his asserted lien on certain property to secure the same.

The facts were stipulated. On October 3, 1932, Sweeney and the Mines Company entered into a contract by which Sweeney agreed to furnish the labor and material and construct upon the land of the Mines Company "a mining plant to consist of steel head-frame, skips, sheaves, cables, hoist, compressor, * * * a power plant to consist of two Worthington Diesel engines, * * * a milling plant of 300 tons daily capacity * * *" a "* * * brushing plant of twice the rated capacity of the mill, and * * * all necessary excavation, foundations, buildings and equipment" for $146,660.

The contract in part provided:

"The property in and title to the plants herein specified, and any replacements thereof or substitutions therefor, shall not pass from the contractor until all payments due thereunder shall have been fully made in cash and the apparatus and material herein specified and furnished by the contractor shall remain the personal property of the contractor whatever may be the mode of its attachment to the realty or other property, until fully paid for in cash and the purchaser agrees to perform all acts which may be necessary to perfect and assure retentions of title to the said plants in the contractor. If default is made in any of the payments in the manner and form and at the times herein specified, the contractor shall be entitled to the immediate possession of said apparatus and material, and shall be free to enter the premises where such plants may be located and to remove the same as his property without prejudice to any further damages which the contractor may suffer by reason of the purchaser's refusal or failure to surrender the plant when so required, including reasonable attorney's fees."

During the progress of the work the parties entered into a supplemental contract modifying the original contract in certain particulars not here material.

The contracts were tendered for record in the office of the clerk of Sierra County, New Mexico, the county wherein the plants constructed under such contracts were situated, but such contracts were not acknowledged properly and were not entitled to be recorded.

Sweeney substantially performed the contracts.

On January 31, 1934, Sweeney commenced a suit in the district court of Sierra County against the Mines Company in which he asserted a lien by virtue of the terms of such contracts against the apparatus, equipment and plants placed upon the property of the Mines Company thereunder, and sought to recover a balance of $7,495 due him on such contracts, and to establish and enforce such lien. On January 31, 1934, Sweeney endeavored to file a notice of the pendency of such suit, under the provisions of section 105-1101, N. M. S. A. 1929.

On June 11, 1934, a petition in involuntary bankruptcy was filed against the Mines Company.

On July 24, 1934, the Mines Company filed an answer seeking reorganization under section 77 B of the Bankruptcy Act (section 207, 11 USCA).

On July 25, 1934, the court entered an order approving the answer and appointing Medler temporary trustee.

On November 19, 1934, the court found and adjudged that the Mines Company could not effect a reorganization, that its liabilities exceeded its assets and that it was insolvent, and decreed that it be liquidated under the provisions of subdivision (c) (8) of section 77 B (11 USCA § 207 (c) (8), supra, and that Medler continue as trustee.

■ The validity of the contracts as against the trustee is to be determined in accordance with the local law of New Mexico. Great Western S. E. Co. v. Iles (C. C. A. 10) 70 F.(2d) 197, 199; Midwest Production Co. v. Doerner (C. C. A. 10) 70 F.(2d) 194, 195.

The applicable New Mexico statutes are set out in Note 1.[1]

---

[1] Note 1.
N. M. S. A., 1929, § 21-101, reads as follows: "The term 'chattel mortgage,' or 'mortgage,' as used in this act, shall be construed to mean and include all instruments of writing having the effect of a mortgage or a lien upon personal property."

Id., § 21-102, reads as follows: "Every chattel mortgage shall be acknowledged in the manner provided by law for the acknowledgment of conveyances affecting real estate, and such chattel mortgage, or a copy thereof, shall be filed in the office of the county clerk of the county in which the property affected is located or is about

■ The parties having so expressly agreed, the apparatus, equipment, and plants remained personal property until fully paid for in cash. New Chester Water Co. v. Holly Mfg. Co. (C. C. A. 3) 53 F. 19, 29; E. A. Kinsey Co. v. Heckermann (C. C. A. 6) 224 F. 308, 315, 316. See, also, Fairbanks v. Williams, 25 N. M. 74, 177 P. 745.

■ A contract, in substantially the same terms with respect to reservation of title and the rights of repossession on default as the contracts in the instant case, was held to be a conditional sales contract in Bailey v. Baker Ice Machine Co., 239 U. S. 268, 36 S. Ct. 50, 60 L. Ed. 275. We hold the contracts here involved are conditional sales contracts.

■ But if they are merely contracts reserving a lien in Sweeney to secure payment of the contract price, then they are chattel mortgages under the provisions of section 21-101, N. M. S. A. 1929.

■ Since the suit in the state court did not affect the title to real estate, the lis pendens was not properly filed and did not constitute constructive notice to the trustee of Sweeney's alleged lien. See section 105-1101, N. M. S. A. 1929. Furthermore, under section 21-102, supra, a chattel mortgage, and, under section 21-304, supra, a conditional sales contract, are void as to the trustee if not recorded prior to the adjudication, irrespective of notice to the trustee.

■ Whether the contracts are considered as conditional sales or chattel mortgages, the result is the same. Not having been recorded before the adjudication in bankruptcy on November 19, 1934, the contracts are void as to the trustee. Barbee v. Spurrier Lumber Co. (C. C. A. 10) 64 F.(2d) 5; Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 36 S. Ct. 466, 60 L. Ed. 841.

The order is affirmed.

to be removed. Failure to so file such chattel mortgage, or copy thereof, shall render the same void as to subsequent purchasers or mortgagees without notice, as to judgment or attaching creditors from the date of entry of such judgment or levy of such attachment; as to trustees in bankruptcy from the date of the adjudication in bankruptcy; as to receivers from the date of filing the order of appointment, and as to assignees for the benefit of creditors from the date of the recording of the assignment."

Id., § 21-301, reads as follows: "That hereafter all conditional sales contracts, leases, purchase leases, sale leases, or other instruments in writing that are intended to hold the title to personal property in the former owner, possessor or grantor, shall be acknowledged by the seller and purchaser, lessor and lessee, as the case may be, in the same manner as conveyances affecting real estate."

Id., § 21-302, reads as follows: "Every such instrument described in section one [21–301] of this act shall be either recorded or filed in the office of the county clerk of the county where such personal property is situate, in accordance with the provisions of chapter 71 of the Session Laws of 1915, entitled 'An Act Relative to Chattel Mortgages,' and all acts amendatory thereof."

Id., § 21-304, reads as follows: "The failure to so record or file any such instrument in writing shall render the same void as to subsequent mortgages in good faith, purchasers for value without notice, subsequent judgment or attaching creditors without notice, from the date of the entry of such judgment or the levy of such attachment, as against trustees in bankruptcy from the date of the adjudication in bankruptcy, receivers from the date of filing the order of appointment, and assignees for the benefit of creditors from the date of the recording of the assignment."