105 F.2d 478 (1939)
In re POINTER BREWING CO.
VERBEST
v.
MICHAEL YUNDT CO.
No. 11404.
Circuit Court of Appeals, Eighth Circuit.
July 19, 1939.
*479 E. C. Halbach, of Clinton, Iowa (Frank W. Ellis, of Clinton, Iowa, on the brief), for appellant.
Herman E. Friedrich, of Milwaukee, Wis. (Malcolm K. Whyte, of Milwaukee, Wis., and Morris B. Mitchell, of Minneapolis, Minn., on the brief), for appellee.
Before GARDNER and WOODROUGH, Circuit Judges, and BELL, District Judge.
GARDNER, Circuit Judge.
This is an appeal by the trustee in a reorganization proceeding under Section 77B of the Bankruptcy Act, 11 U.S.C.A. § 207, from an order of the bankruptcy court allowing appellee's claim as a secured one. The facts were stipulated, and hence are not in dispute.
The Pointer Brewing Company, referred to in the record as the debtor, is an Iowa corporation, with its place of business at Clinton, Iowa. On November 4, 1933, it entered into a conditional sale contract with Michael Yundt Company, appellee, for the purchase of certain machinery and equipment for the agreed purchase price of $21,000. The property was delivered to the debtor and continued in its possession. The contract provided that the machinery and equipment should remain the property of the vendor until the contract had been completely performed by the vendee. This contract was not acknowledged in accordance with the laws of Iowa so as to entitle it to be filed for record, though it was in fact recorded in Clinton, Iowa, where the debtor's plant was located. This contract provided for payment by monthly installments. These payments were periodically made to and including the payment for July, 1936, when they were discontinued.
On February 9, 1937, the debtor filed a petition for reorganization under Section 77B of the Bankruptcy Act. At that time there existed a default on the part of the debtor in the payments due on the 11th days of August, September, October, and November, 1936, respectively. Because of these defaults in payment, the vendor, appellee herein, elected to reclaim the property, but the trustee refused to deliver possession. The principal balance then due and unpaid was $3,412.50 and the interest to February 9, 1937, amounting to $237.71. To the petition of reclamation filed by appellee, the trustee filed objections, contending that there was no valid notice of appellee's claim filed for record as required by the laws of Iowa, in that the contract was not acknowledged, and hence, was not entitled to be filed for record.
The cause was submitted to a special master on an agreed statement of facts. The special master made his report, including findings of fact and conclusions of law, denying appellee's lien on the property, but allowing its claim as a general creditor. The lower court sustained exceptions filed by appellee to the report of the special master, and held that the contract was valid as between the parties, and that there was no showing that it was void by reason of an attaching creditor taking the same without notice. The court denied the appellee's right to reclaim the property, but allowed the amount of its claim as a secured claim and so classified it.
The pertinent part of Section 47a of the Bankruptcy Act, Sec. 75(a) 11 U.S.C.A., reads as follows: "(a) Trustees shall respectively * * * (2) collect and reduce to money the property of the estates for which they are trustees, under the direction of the court * * *; and such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding *480 a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."
Subparagraph (a), Section 107, 11 U.S. C.A., reads as follows: "(a) Claims which for want of record or for other reasons would not have been valid liens as against the claims of the creditors of the bankrupt shall not be liens against his estate."
As the trustee is vested with "all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings," it is important to determine what the rights of such a creditor are. The Bankruptcy Act does not purport to define nor determine the character or extent of such right. The validity and construction of the conditional sale contract here involved, as affecting the right of the trustee in bankruptcy, must be determined under the law of the State of Iowa. Bryant v. Swofford Bros. Dry Goods Co., 214 U.S. 279, 29 S.Ct. 614, 53 L.Ed. 997; York Mfg. Co. v. Cassell, 201 U.S. 344, 26 S.Ct. 481, 50 L.Ed. 782; Emerson-Brantingham Implement Co. v. Lawson, D.C., 237 F. 877; Sweeney v. Medler, 10 Cir., 78 F.2d 148; In re Penglase Sand & Gravel Co., 7 Cir., 76 F.2d 593; Liquid Carbonic Corp. v. Phillips, 5 Cir., 68 F.2d 515.
Section 10015 of the Iowa Statutes in effect provides that no sale or mortgage of personal property where the vendor or mortgagor retains actual possession shall be valid "against existing creditors or subsequent purchasers without notice," unless a written notice conveying the same is executed, properly acknowledged, and duly recorded or filed in the county where the mortgagor or vendor resides at the time of the execution of the instrument. Section 10016 reads as follows: "No sale, contract, or lease, wherein the transfer of title or ownership of personal property is made to depend upon any condition, shall be valid against any creditor or purchaser of the vendee or lessee in actual possession obtained in pursuance thereof, without notice, unless the same be in writing, executed by the vendor and vendee, or by the lessor and lessee, acknowledged by the vendor or vendee, or by the lessor or lessee, and recorded or filed and such instrument or a true copy thereof be deposited the same as chattel mortgages."
Section 9949 provides: "1. Where there is a contract to sell specific goods * * * the seller may, by the terms * * * reserve the right of possession or property in the goods until certain conditions have been fulfilled."
In F. P. Gluck Co. v. Therme, 154 Iowa 201, 134 N.W. 438, 440, the Supreme Court of Iowa held that an assignee for benefit of creditors was not, within the meaning of the Iowa statute, a purchaser without notice. In the course of the opinion it is there said: "The assignee in insolvency proceedings takes no higher or better right in the subject of the assignment than was held by his insolvent grantor, and, if the plaintiff could have asserted ownership of or lien upon the property as against the drug company, the same title or lien may be asserted against the company's assignee for the benefit of creditors. * * * The assignee is not a purchaser for value, neither does the assignment have the effect of the levy of an attachment of the goods in favor of creditors. * * * As between buyer and seller of personal property, an agreement that the title shall remain in the latter until the purchase price is paid is valid (Bailey v. Harris, 8 Iowa 331, 74 Am.Dec. 312; Moseley v. Shattuck, 43 Iowa 540), and it may be enforced except as against creditors and purchasers without notice." The court held that such an assignee acquired no right to property involved in a conditional sale contract.
In International Harvester Co. v. Poduska, 211 Iowa 892, 232 N.W. 67, 69, 71 A.L.R. 973, the court considered a contest between a vendor under a conditional sale contract and a trustee in bankruptcy. Referring to Section 10016 of the Iowa Code, the court said: "This statute does not declare the sale or contract to be invalid as between the parties. The assignee, Mackovets, stood in the shoes, and only succeeded to the rights, of the assignor, Poduska. It is the repeated pronouncement of this court that the assignee for the benefit of the creditors of the assignor is neither a purchaser nor a creditor within the meaning of the statute. He cannot be deemed a purchaser for value as he paid nothing for the property. The word `creditor,' as used in the statute, means one who has obtained a lien as by attachment, execution, or otherwise upon the property before notice, actual or constructive, of the conditional contract of sale. * * * It is therefore apparent that, in accord with our previous holding, *481 as between the appellee and the assignee, Mackovets, the rights of the assignee are no greater or better than the rights of the assignor, Poduska, at the time of the assignment. Thus, it is seen that the rights of the trustee are in no way aided because of the deed of assignment, as claimed by the appellant. The assignor could not by a deed of assignment convey the appellee's property to his assignee for the benefit of his (the assignor's) general creditors. The deed of assignment operates only on the property of the assignor and not upon the property of the appellee. Since, under our holdings, the assignee is neither a purchaser nor a creditor within the meaning of the law, and succeeds only to the rights of his assignor, as between appellee and the assignee, the question as to whether the contracts were properly acknowledged, and filed, or recorded so as to afford constructive notice thereof, becomes wholly immaterial."
The contract, under the Iowa law, being valid as between the parties, title to the property remained in the vendor, and when the vendee filed its petition for reorganization the property covered by the conditional sale contract was not the property of the debtor, and hence, did not pass to the trustee.
Prior to the decision in International Harvester Co. v. Poduska, supra, the Supreme Court of Iowa had announced the same principle in American Laundry Machinery Co. v. Everybody's Laundry, 185 Iowa 760, 171 N.W. 161, but in that case the conditional sale contract was in fact properly filed for record, and hence this court, in Albert Pick & Co. v. Wilson, 8 Cir., 19 F.2d 18, declined to follow the dictum contained in the American Laundry Machinery Company case. It should be noted too that in the Albert Pick & Company case there was involved a chattel mortgage and not a conditional sale contract. Under such circumstances, the trustee took title to the property because the debtor had title, but where, under the state law, the title of the vendor under a conditional sale contract is recognized as valid, title does not pass to the trustee. In re Lake's Laundry, 2 Cir., 79 F.2d 326, 102 A. L.R. 247; Michael Yundt Co. v. Phillips, 7 Cir., 84 F.2d 388.
The Albert Pick & Company case is therefore distinguishable on its facts from the instant case. Since the decision of this court in that case, the Iowa Supreme Court has adhered to the doctrine announced in American Laundry Machinery Co. v. Everybody's Laundry, supra, by its decision in the International Harvester Company case. It is urged that even in the International Harvester Company case it was not necessary for the court to decide the question here at issue, and there is some basis for this contention. We are here, however, attempting to determine what the law of Iowa is on this question, and these two decisions are clear indications as to the views of that court, and, as said in Hawks v. Hamill, 288 U.S. 52, 53 S.Ct. 240, 242, 77 L.Ed. 610, decided since our decision in Albert Pick & Co. v. Wilson, supra: "A wise comity has decreed that deference shall at times be owing, though there may be lacking, in the circumstances, a strict duty of obedience. * * * To be sure there is room for argument that limiting distinctions will have to be drawn in the future. We must leave it to the courts of Oklahoma to declare what they shall be. * * * At least it is a considered dictum, and not comment merely obiter. It has capacity, though it be less than a decision, to tilt the balanced mind toward submission and agreement."
It is also there said that: "The stranger from afar, unacquainted with the local ways, permits himself to be guided by the best evidence available, the directions or the counsel of those who dwell upon the spot."
See, also, Blue Valley Creamery Co. v. Consolidated Products Co., 8 Cir., 81 F.2d 182.
This last decision of the Supreme Court of Iowa is, we think, sufficient "to tilt the balanced mind toward submission and agreement." We need not consider whether the court should have awarded the appellee the possession of the property because appellee has not appealed from the order allowing its claim as a secured one. We conclude that no rights of the appellant have been prejudiced by the order appealed from and it is therefore affirmed.
BELL, District Judge (dissenting).
The opinion in this case holds that a conditional sale contract, even though not acknowledged and recorded at the time of the bankruptcy of the vendee as required by the statutes of the state, is good as *482 against the trustee in bankruptcy in possession of the property covered by the contract. I cannot subscribe to that principle.
The Court says: "The validity and construction of the conditional sale contract here involved, as affecting the right of the trustee in bankruptcy, must be determined under the law of the State of Iowa." Three decisions of the Supreme Court are cited to show the law of that state. F. P. Gluck Company v. Therme, 154 Iowa 201, 134 N.W. 438; American Laundry Machinery Company v. Everybody's Laundry, 185 Iowa 760, 171 N.W. 161; International Harvester Company v. Poduska, 211 Iowa 892, 232 N.W. 67, 71 A.L.R. 973. These cases clearly are distinguishable from the one under consideration.
The Gluck case involved an assignment for the benefit of creditors under the Iowa Code. It was not a bankruptcy proceeding and no reference was made to the bankruptcy law. Moreover, there was a controversy as to whether the assignee was in possession of the property that was involved and there was a reversal so that there might be a determination of that question.
The American Laundry Machinery Company case was a bankruptcy proceeding and the instrument involved was a conditional sales contract but the Court found that it was duly recorded at the time of bankruptcy; consequently, we again find a wholly different case from the one before us. Because of that distinction this Court in the case of Albert Pick & Company v. Wilson, 8 Cir., 19 F.2d 18, refused to follow the dictum contained in that decision.
In International Harvester Company v. Poduska the plaintiff sold certain property to the defendant under conditional sales contracts in 1926 and 1927. On May 28, 1928, the defendant made an assignment for the benefit of creditors under the Iowa Code. The vendor promptly replevined the property involved and obtained possession of it. On September 24, 1928, the defendant filed a petition in bankruptcy. The bankrupt, or his assignee, at that time did not have possession of the property, had not had it for approximately four months, and the trustee in bankruptcy never acquired possession of it. The property at no time was in possession of the bankruptcy court. This distinction is made entirely clear by the Supreme Court of Iowa and the provisions of the Bankruptcy Act, 11 U.S.C.A. § 1 et seq., were expressly eliminated from consideration in the case. This Court's quotation from that decision clearly shows the position of the Iowa Court as to the character of the title of an assignee under the Code, but it in no way defines the title of a trustee in bankruptcy under the laws of the United States or the State of Iowa in a case where the property is in possession of the bankruptcy court and where the adverse claim is made under an instrument unrecorded at the time of bankruptcy. The Court, following F. P. Gluck Co. v. Therme, American Laundry Machinery Co. v. Everybody's Laundry, and other decisions, held that a deed of assignment conveyed only the property of the assignor, that the assignee under the Code was neither a purchaser nor a creditor and succeeded only to the rights of the assignor; and that, as between the vendor and the assignee, "the question as to whether the contracts were properly acknowledged, and filed, or recorded so as to give constructive notice thereof, becomes wholly immaterial." [211 Iowa 892, 232 N.W. 70, 71 A.L.R. 973.]
The Supreme Court of Iowa has not decided the question before us. This Court is not bound by the dictum of that Court or required to guess from it what may be decided in the future. In the absence of a definite, established rule settled by controlling decisions the way is open to follow the general rules of law.
This case is squarely ruled by the decision of this Court in Albert Pick & Company v. Wilson, supra, which is supported by an overwhelming weight of authority, is right on principle, and there is no substantial reason why it should be reversed. The only utterance of the Iowa Court on the subject, since that case was decided, was in International Harvester Company v. Poduska, supra, wherein the Court disclaimed the applicability of the bankruptcy law and made no pretense at solving our problem.
The fact that a chattel mortgage was involved in the case of Albert Pick & Company and a conditional sales contract is involved in this case is a barren distinction. Sweeney v. Medler, 10 Cir., 78 F.2d 148. This Court in Burroughs Adding Machine Company v. Bogdon, 10 Cir., 9 F. 2d 54, held a conditional sales contract void as against the trustee in bankruptcy of the purchaser, where possession was not retained by the seller, and the instrument was not filed for record at the time the bankruptcy proceeding was commenced. It *483 is true that the title to property sold under a conditional sale contract remains in the vendor until the conditions of the contract have been performed, but in this case the rights of creditors without notice intervened. The purpose of the Bankruptcy Act vesting the trustee with rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, is for the protection of creditors and where liens are claimed on property in the custody of the bankrupt or his trustee, it is immaterial whether the title to the property is in the mortgagee under a mortgage or in the vendor under a conditional sales contract.
An important bankruptcy question is here presented, and, as affecting the right of the trustee the Bankruptcy Act must be consulted. The Constitution of the United States, Section 8, Article 1, U.S.C.A., confers on Congress the power "to establish * * * uniform Laws on the subject of Bankruptcies throughout the United States." The decisions of the state courts defining property rights do not bind the federal courts in bankruptcy, when contrary to the policy and the proper contruction of the Bankruptcy Act. Board of Trade of City of Chicago, et al. v. Johnson, Trustee, 264 U.S. 1, 44 S.Ct. 232, 68 L.Ed. 533. The federal courts have the power to construe the language of the Bankruptcy Act. If that power is not exercised there may be as many constructions as there are states and there will be no uniformity in the law. In re Landis, 7 Cir., 41 F.2d 700. In the interpretation of a federal act, local law is not controlling unless the federal statute "by express language or necessary implication, makes its own operation dependent upon state law." Heiner, Collector, v. Mellon et al., 304 U.S. 271, 58 S.Ct. 926, 930, 82 L.Ed. 1337. We must accept the interpretation of the state law by the highest judicial tribunal of the state (Supreme Lodge, Knights of Pythias v. Meyer, 265 U.S. 30, 44 S.Ct. 432, 68 L.Ed. 885), just as we must accept its declaration of the principles of the common law (Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487), but the federal courts are vested with the power to interpret the federal statutes. Albert Pick & Company v. Wilson, supra.
The opinion in this case fails to give effect to the amendment of June 25, 1910, to Section 47a of the Bankruptcy Act, 11 U.S.C.A. § 75(a) which provides: "* * * trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon." Prior to this amendment the trustee took only the title of the bankrupt. York Manufacturing Company v. Cassell, 201 U.S. 344, 26 S.Ct. 481, 50 L.Ed. 782, with exceptions not here germane. Subsequent to the amendment the trustee's title, effective at the time of filing the petition in bankruptcy, was not only that of the bankrupt but also that of a creditor holding a judgment lien. Bailey v. Baker Ice Machine Company, 239 U.S. 268, 36 S.Ct. 50, 60 L.Ed. 275. The effect of the amendment is stated in Gilbert's Collier on Bankruptcy, Fourth Edition, Section 1344, as follows: "This amendment reaches that class of cases in which no creditors have acquired a lien by legal or equitable proceedings. It vests in the trustee for the benefit of all the creditors the potential rights of a creditor having such a lien. Thus, equities or rights in favor of such creditors as against a chattel mortgage or other instrument which for want of record or other reason is invalid as to them, may be asserted with the same force and effect by the trustee of the bankrupt debtor." Remington on Bankruptcy, Volume 4, Section 1405, says: "And by the Amendment of 1910 it simply gave to the bankruptcy proceedings the effect of arming the trustee with process, so that the creditors might not be debarred by the bankruptcy from asserting in behalf of all creditors the rights given to creditors by State law dependent on their being `armed with process.'" This Court in Albert Pick & Company v. Wilson, supra, said [19 F.2d 20]:
"The intention of the Bankruptcy Act prior to 1910 was that the trustee should take the estate precisely where he found it, with no additional rights, excepting, of course, the specific right to set aside preferences and liens acquired within the four-month period. York Mfg. Co. v. Cassell, 201 U.S. 344, 26 S.Ct. 481, 50 L.Ed. 782. But, as pointed out in Smith-Flynn Commission Co. [8 Cir., 292 F. 465], supra, and the Congressional Record, 61st Congress, 2d Session, 2275-2277, the amendment under discussion was designed to supersede that decision.
"* * * In other words, the amendment arms the trustee with process to the *484 same extent that any judgment creditor would have according to the law of the particular state, and he is not necessarily concluded by an instrument or agreement which might have been good against the bankrupt had bankruptcy not intervened." Citing authorities.
This should be, and in my opinion is, the general rule: A conditional sales contract is not valid against the vendee's trustee in bankruptcy in possession, unless the contract is recorded as required by local law, and the trustee is armed with the rights of a creditor holding a lien by legal or equitable proceedings. Section 47a of the Bankruptcy Act; Albert Pick & Company v. Wilson, supra; Sweeney v. Medler, supra; Barbee v. Spurrier Lumber Company, 10 Cir., 64 F.2d 5; In re Supreme Furniture Company, D.C., 25 F.2d 488; In re Press Printers & Publishers, 3 Cir., 23 F.2d 34; In re Public Opinion Pub. Co., D.C., 20 F.2d 404; In re Master Knitting Corporation, 2 Cir., 7 F.2d 11; In re Douglas Lumber Company, D.C., 2 F.2d 985; Groner v. Babcock Printing Press Mfg. Co., 4 Cir., 267 F. 822; In re Youngs Cornell Utilities, D.C., 20 F.Supp. 381; Fairbanks Steam Shovel Company v. Wills, 240 U.S. 642, 36 S.Ct. 466, 60 L.Ed. 841; Bailey v. Baker Ice Machine Company, supra. Under this rule there is no interference with the operation of the state law in the interpretation of the instrument involved, the property rights under it and whether it meets the requirements of the recording act. When a petition in bankruptcy is filed and the property involved passes in custodia legis, certain provisions of the Bankruptcy Act become paramount and must have a uniform interpretation for the preservation of the act itself. The provisions here involved should have universal interpretation and should not be invalidated by the construction of the courts, state or national, or by judicial legislation. Certainly, there is no occasion for it in this case for the simple reason that there is no settled rule in Iowa to the contrary.
The conditional sales contract with which we are concerned was valid as between the parties, but when the petition in bankruptcy was filed and the trustee took possession of the property covered by the contract, the rights of creditors without notice were involved and the trustee became vested under Section 47a with "all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon." If a creditor of the vendee, prior to bankruptcy, had reduced his claim to judgment and had found it necessary to levy on this same property to satisfy the judgment, the levy would have been sustained. In other words, appellee's claim would not have been valid against a judgment creditor without actual or constructive knowledge of the conditional sales contract. It was admitted that the contract involved in this case was not acknowledged and recorded so as to give constructive notice.
There was no occasion for a showing by the creditors that they did not have actual knowledge. The burden of proof was on the party claiming under the unrecorded instrument. Albert Pick & Company v. Wilson, supra; Martin Bros. & Co. v. Lesan, 129 Iowa 573, 105 N.W. 996. The statutory requirements for recording were mandatory. Lee County Sav. Bank v. Snodgrass Bros., 182 Iowa 1387, 166 N.W. 680, 681.
The opinion of the Court in this case follows the law of Iowa applicable to assignments under the state code and the bankruptcy law prior to the amendment of 1910 and not the bankruptcy law as it now exists. It is subversive of the amendment and will restore the very defect the amendment was designed to remedy. It is not conducive to uniformity and will open the door to fraud. Consequently, I am forced to the conclusion that there should be a reversal.